IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:07-cr-257-N |
| | § | |
| DERRICK ADRIAN JOHNSON (01), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Derrick Adrian Johnson, a federal prisoner, has filed a *pro se* Motion to Set Aside Judgment, invoking Federal Rule of Civil Procedure 60(d)(3). *See* Dkt. No. 105. United States District Judge David C. Godbey referred the motion to the undersigned United States magistrate judge for findings and recommendations. *See* Dkt. No. 106. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, because the Rule 60(d)(3) motion, liberally construed, is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Judge Godbey and the undersigned) and to close the same on the basis of any order accepting this recommendation.

**Applicable Background**

As the undersigned recounted in 2015, in recommending that a previous filing of Johnson's be construed as a successive motion under 28 U.S.C. § 2255 and be denied

without prejudice to his seeking leave from the Fifth Circuit to file the motion,

> [o]n November 7, 2007, a jury found Johnson guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). *See United States v. Johnson*, No. 3:07-cr-257-B (N.D. Tex.), Dkt. No. 48. He was sentenced to 115 months' imprisonment and a three-year term of supervised release. *See id.*, Dkt. No. 55.
> 
> On May 8, 2008, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, *see id.*, Dkt. No. 59, which was summarily dismissed without prejudice because his direct appeal was pending, *see United States v. Johnson*, No. 3:08-cv-787-B, 2008 WL 2704422 (N.D. Tex. July 9, 2008).
> 
> On December 24, 2008, the United States Court of Appeals for the Fifth Circuit dismissed Johnson's direct appeal at his request. *See* No. 3:07-cr-257-B, Dkt. No. 78.
> 
> After that, he filed a motion to vacate, set aside, or correct sentence, which was denied on the merits. *See Johnson v. United States*, No. 3:09-cv-597-B-BF, 2010 WL 3938391 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *COA denied*, No. 10-11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011).
> 
> He then filed a second Section 2255 motion and a Rule 60(b) motion, both of which the Court found to be successive and transferred to the Fifth Circuit for appropriate action. *See Johnson v. United States*, No. 3:13-cv-247-B, 2013 WL 2233962 (N.D. Tex. May 20, 2013).
> 
> He has also filed a motion for subpoena, which the Court construed as a successive Section 2255 motion and denied without prejudice to his right to request a subpoena if the Fifth Circuit granted him leave to file a successive Section 2255 motion. *See United States v. Johnson*, No. 3:07-cr-257-B, 2014 WL 3530822 (N.D. Tex. July 16, 2014).

*Johnson v. United States*, No. 3:15-cv-640-B-BN, 2015 WL 2213509, at *1-*2 (N.D. Tex. May 11, 2015).

Johnson's Rule 60(d)(3) motion broadly asserts that witnesses at his 2007 trial perjured themselves and further asserts, again, without anything more than conjecture, that an attorney representing the government was involved.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 60(b)(3) "allows a court to grant relief from a final judgment because of 'fraud[,] ... misrepresentation, or misconduct by an opposing

party,' but a motion made pursuant to 60(b)(3) must be filed within one year of the judgment, at the latest." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (per curiam) (quoting FED. R. CIV. P. 60(b)(3); citing FED. R. CIV. P. 60(c)(1)).

> Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace [s] ... the species of fraud which does or attempts to[ ] defile the court itself." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotation omitted).

*Id.* (footnote omitted).

Federal Rule of Civil Procedure 60 provides for relief from a civil judgment or order. And its provisions "do not apply to criminal cases." *United States v. Bouldin*, 466 F. App'x 327, 328 (5th Cir. 2012) (per curiam) ("To the extent Bouldin's motion also invoked Rule 60(b), the district court ruled correctly that the Federal Rules of Civil Procedure do not apply to criminal cases." (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999))). But that rule – most often Rule 60(b) – is commonly invoked by criminal defendants in the context of motions related to post-conviction relief under Section 2255.

When that occurs, "the court must first determine whether the motion 'should be treated as a second or successive [Section 2255 motion or whether] it should be treated as a "true" [Rule 60] motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts

between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the [United States] Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id.* (collecting cases); *see, e.g., United*

*States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

Another judge of this Court has considered a motion file under Rule 60(d)(3) by a defendant in a federal criminal case who specifically invoked that rule and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), which "recognized a court's inherent power to vacate a judgment obtained by fraud." *Allen v. United States*, No. 3:96-cr-256-K, 2015 WL 3824448, at *2 (N.D. Tex. June 18, 2015) (remarking that "[c]ourts are given wide discretion in determining whether relief should be granted under Rule 60(d)(3) based on fraud" (citation omitted)). And United States Magistrate Judge Irma Carrillo Ramirez, in findings, conclusions, and recommendation accepted by United States District Judge Ed Kinkeade, found that,

> [a]lthough the Fifth Circuit has not addressed this specific issue, the Tenth Circuit has found that a motion under Rule 60(d)(3) and *Hazel-Atlas Glass* that asserts grounds of error in the prisoner's conviction is properly construed as a second-or-successive § 2255. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).
>> As in this case, the petitioner in *Baker* relied upon *Hazel-Atlas Glass*, where the United States Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court. The court held, however, that the fact that the petitioner labeled his motion as one brought under *Hazel-Atlas* and Rule 60(d)(3) did not change the analysis used to determine if his pleading is an unauthorized second or successive § 2255 motion, and that, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." The court went on to explain that a motion alleging fraud on the court in a federal habeas proceeding constitutes a true Rule 60(b) motion, while a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second or successive collateral attack "because it asserts or reasserts a challenge to the defendant's underlying

conviction."

*Id.* at \*2-\*3 (quoting *United States v. Graham*, Nos. 07-40048-JAR & 10-4022-JAR, 2013 WL 6000003, at \*1 (D. Kan. Nov .12, 2013); citations omitted).

Although, here, it is not clear that Johnson has specifically cited *Hazel-Atlas Glass*, and without reaching the merits of his arguments, it is clear that he is using Rule 60(d)(3) to allege fraud on the court not in a habeas proceeding but in his criminal proceeding. For this reason, the Court should construe the Motion to Set Aside Judgment, invoking Federal Rule of Civil Procedure 60(d)(3), to be, in substance, a successive Section 2255 motion and transfer it to the Fifth Circuit for appropriate action.

## Recommendation

Because the Rule 60(d)(3)-based Motion to Set Aside Judgment, liberally construed, is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court should also direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Judge Godbey and the undersigned) and to close the same on the basis of any order accepting this recommendation

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 18, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE